Boynton, J.
We think the plaintiff is entitled to judgment. The premises were occupied by Barton Youngs from 1835 until his death, which occurred in 1854. From 1854 until 1863 the premises remained in the occupancy of the family and heirs of Barton, who, while he lived, occupied the undivided interest of the plaintiff as his tenant. From the death •of Barton until the defendant, Heffner, took possession in 1863, there was no adverse enjoyment by any one. The brothers and sisters of the plaintiff, under whom the defendant claims, were not in possession. It does not appear that Barton ever •claimed to have acquired any title to the plaintiff’s interest in the. premises by adverse enjoyment. The occupancy by one tenant of the common premises, however long continued, is no •evidence of the .ouster of a co-tenant. To constitute disseizin, there must be an overt and notorious act of an unequivocal ■character, clearly indicating an assertion of ownership of the •entire premises, to the denial and exclusion of the right of the •co-tenant. Freeman on Co-tenancy & Par. § 230, et seq. Noth *237 mg of the kind appealing in respect to the possession of Barton or his heirs, the statute of limitations did not commence to run against the plaintiff’s title until 1803, from which time until the commencement of the proceedings below, but twelve years elapsed. The plaintiff’s right in the premises, therefore, was not affected by the running of the statute.
Nor was his title at all affected by the proceedings in partition, instituted by his brothers Joseph and William in 1863. Heffner acquired no further or greater interest in the property alleged to have been purchased at the partition sale, than he would have acquired by a conveyance from the plaintiff’s brothers and sisters, who, it was supposed, had succeeded to the ownership of the premises as his heirs. A proceeding in partition, in its effect, dissolves or severs the tenancy in common, and locates the rights or interests of the parties, respectively, in distinct parts of the premises, and extinguishes their title in all others. Tabler v. Wiseman, 2 Ohio St. 208. But it creates no new title, and operates only on the title or rights of the parties brought before the court.
The plaintiff was not, and from the nature of the case could not have been, a party to the proceedings for partition instituted by two of his brothers in 1863, as those proceedings and the lights therein asserted, were founded, and for their validity depended, on the assumption of his death. The alleged title or interest of his brothers and sister, which was purchased by the defendant Heffner, rested wholly on the presumption that the plaintiff was déad, such presumption being founded on the fact that the plaintiff had been absent and unheard of, for the period of seven years. Whether or not, the circumstances under which the plaintiff left his home, and remained away, as disclosed in the agreed statement of facts, were such as to authorize the presumption of his death at the expiration of seven yearn, we need not inquire, as the presumption, whenever it arises from any length of time, is but prima facie, and is wholly rebutted whenever it is made to appear that the person whose death is thus presumed, is still living. Such presumption may always be shown to be ill-founded by counter evidence (Loring v. Steineman, 2 Metc. 211; 2 Best on Ev. § 408, et seq.); or *238 by a conflicting presumption. King v. Twining, 2 Barn. & Ald. 386.
It necessarily follows that tire sale under the proceedings in partition iu 1863, as respects the plaintiff’s right or title in the land, was void. His brothers and sisters were not his heirs, •and in no event could have been, until his death. Nemo est Aceres woentis.
The principle asserted by counsel for the defendant, that a judgment of a domestic court of record, of competent jurisdiction, is conclusive of the facts or question therein determined, between the parties and their privies, until reversed or vacated, is a correct rule of law, but entirely misapplied when used to estop one from disputing the validity of the judgment, 'who was wholly a stranger to the cause or proceeding in which the judgment was rendered, and whose rights are sought to be •concluded thereby.
So, too, the principle, that courts of equity will not favor •stale demands, would seem to be misapplied, when invoked against a party possessed of the legal title, and who is only asserting his legal rights. Larrowe V. Beam, 10 Ohio, 498; Williams v. Lambe, 3 Bro. Ch. C. 264; Collins v. Archer, 1 Russ. & Mylne, 284; Snelgrove v. Snelgrove, 4 Dess. 288; 1 Story Eq. Jur. § 64, c, note; Bispham’s Eq. §§ 39, 40.
• The improvements made by the defendant Heffner, since going into possession, should be taken into account in the partition to be made of the premises. The plaintiff should derive no benefit therefrom. To the extent that they enhance the present value of the premises, Heffner should be allowed therefor in the j>artition to be made.

Judgment accordingly.